MAYNOR, APPELLANT, *v.* TRAN, APPELLEE.

(Decided April 24, 1939.)

*Mr. Alvin F. Weichel* and *Mr. Lewis L. Marquart,* for appellant.

*Messrs. King, Flynn & Frohman,* for appellee.

CARPENTER, J. This was an action for damages from personal injuries claimed to have been negligently caused to plaintiff by an agent of defendant. At the close of plaintiff's evidence, the trial court directed a

verdict and entered judgment for defendant for the reason that the alleged tort-feasor was an independent contractor and not an agent of the defendant. From this judgment plaintiff appealed on questions of law.

Defendant purchased a radio for his automobile, to be installed by the seller as a part of the purchase contract. The seller directed defendant to take his automobile to a certain garage where a mechanic would install the radio. This he did late in an afternoon and plaintiff accompanied him there as a guest. The mechanic said he would install the radio but would not have time that afternoon to tune out motor noises, should there be any, but would do that the next day.

After having installed and connected the radio so it would play, the mechanic said to defendant, in substance, to use it and if there was motor noise he would fix it the next day. The defendant told him to "try it," and when the mechanic pressed on the motor starter, the gears were in reverse and the automobile ran backward, struck and injured plaintiff, causing the damages complained of.

It is conceded the mechanic was an independent contractor up to the time defendant told him to "try it"; then it is claimed he became the agent of the defendant, who was thereby liable for the damage to plaintiff.

Plaintiff, in making this contention, loses sight of the fact that the testing and noise correction of the radio were all a part of the contract of installation. All defendant did was to ask the mechanic to perform a little more of his contract that night instead of waiting until the next day, and the starting of the motor to test the installation at that time was only a little further performance of the contract, which, if not done that evening, would have been done later.

For this reason, the action of the trial court in directing a verdict was right and is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.